UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAMION RYAN LONEMAN<br><br>Defendant. | Case No. 4:16-cr-00105-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is the United States' unopposed Motion for Entry of Restitution Order and Amended Judgment (Dkt. 44). For the reasons explained below, the Court will (1) grant the motion, (2) order restitution in the amount of $35,600.46, and (3) prepare and enter an amended judgment.

# BACKGROUND

In April 2016, Defendant Damion Loneman beat and stabbed victim J.B. multiple times. He later pleaded guilty to assault with intent to commit murder. In his plea agreement, Loneman agreed to pay restitution in an amount equal to the loss. *See* Dkt. 20, at 5. The Court sentenced Loneman to 172 months' imprisonment followed by three years of supervised release. At sentencing, the Court deferred entering restitution, instead allowing the parties time to resolve the

MEMORANDUM DECISION AND ORDER - 1

issue by stipulation, or, alternatively, for the Court to conduct an evidentiary hearing. *Judgement,* Dkt. 30. In context, however, it is apparent that the Court intended to order restitution in some amount; the deferral was to see if the parties could stipulate. The PSR indicated that the victim had incurred medical costs; defendant did not object to the PSR; and the Court adopted the PSR as its own findings. As of this date, restitution still has not been ordered.

## DISCUSSION

The Mandatory Victims Restitution Act ("MVRA") provides that restitution must be ordered to compensate victims for their losses when the offense is a crime of violence, as defined in 18 U.S.C. § 16, or when physical injury results to a victim. 18 U.S.C. § 3663A(c)(1)(A)(i). Defendants must pay restitution "in the case of an offense resulting in bodily injury to a victim" for costs of medical treatment and other losses. 18 U.S.C. §§ 3663A(b)(2) and (c)(1)(B). Those who compensate a victim for the injury sustained from a crime are known as victim compensators and are entitled to restitution. *See* 18 U.S.C. § 3664(j)(1); *United States v. Stephens*, 374 F.3d 867, 872 (9th Cir. 2004) (holding that the State of Georgia should be paid restitution because it paid amounts owed by the victim).

Here, Defendant's crime caused the Victim to suffer physical injury. Defendant's crime also fits the definition of a crime of violence because it "has an element [of] the use[] or threatened use of physical force against [another] person .

**MEMORANDUM DECISION AND ORDER - 2**

. . ." 18 U.S.C. § 16(a). Therefore, restitution is mandatory. Moreover, as already noted, the Court adopted the PSR as its findings, and the PSR recommends restitution.

The government acknowledges that the deferral period of 90 days to order restitution under 18 U.S.C. § 36645(d)(5) has long since expired. But the Supreme Court has held that "a sentencing court that misses the 90-day deadline nonetheless retains the power to order restitution – at least where, as here, the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." *Dolan v. United States,* 560 U.S. 605, 608 (2010).

Here, the Court intended to order restitution in some amount – particularly given the Court's adoption of the PSR. Nevertheless, the Court did not set that amount during the sentencing hearing. *See Tr.*, Dkt. 39, at 16-17 (sentencing transcript where the deferral is discussed).

Under these circumstances, and based upon the authorities cited above and the record in this case, the Court will now enter a restitution order in the amount of $35,600.46. Loneman has not opposed this motion, and as noted above, when he pleaded guilty, he agreed to pay "restitution equal to the loss caused to any victim of the charged offense pursuant to any statute." *Plea Agmt.*, Dkt. 20, at 6.

MEMORANDUM DECISION AND ORDER - 3

## ORDER

**IT IS ORDERED that:**

1. The United States' Motion for Entry of Restitution Order and Amended Judgment (Dkt. 44) is **GRANTED**.

2. Defendant Loneman is hereby ordered to pay restitution in the amount of $35,600.46.

3. The Court will prepare and file a separate, amended judgment reflecting this restitution order, and detailing to whom the restitution should be paid.

DATED: March 18, 2021

B. Lynn Winmill
U.S. District Court Judge