UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAMION LONEMAN,<br><br>Defendant. | Case No. 4:16-cr-00105-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Damion Loneman's Motion for Compassionate Release. *See* Dkt. 48. For the reasons explained below, the Court will deny the motion.

# BACKGROUND

Loneman is serving a 172-month sentence for assault with intent to commit murder. The circumstances of his crime were particularly brutal. He kidnapped the victim, took him to a remote location, stabbed him several times, and then left him for dead. Loneman is 39 years old; his scheduled release date is December 29, 2028; and he is housed at Pekin FCI. *See* https://www.bop.gov/inmateloc/ (last visited Jan. 10, 2024). He asks the Court to release him early, mainly because he contracted COVID-19 back in June or July 2020. He says he is suffering from

lingering effects of that illness.

## LEGAL STANDARD

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)) (cleaned up). Congress provided one such exception in 18 U.S.C. § 3582(c)(1)(A)(i).

Section 3582(c)(1)(A)(i) provides that a district court may modify a final sentence in some situations. Before filing such a motion, defendants must exhaust their administrative remedies. *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). The court must then make three findings: (1) a reduced sentence is consistent with applicable Sentencing Commission policy statements; (2) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) favor relief; and (3) "extraordinary and compelling reasons" warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). If any one of the three factors is not met, the court may deny relief. *Keller*, 2 F.4th at 1284. The defendant bears the burden of establishing these requirements by a preponderance of the evidence. *See, e.g., United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998); *Walton v. Arizona*, 497 U.S. 639, 650 (1990) (holding that a defendant's due process rights "are not violated by placing on him the burden of proving mitigating circumstances sufficiently

substantial to call for leniency"), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002).

## DISCUSSION

Loneman has exhausted his administrative remedies, but he has failed to present an extraordinary and compelling reason justifying an early release. Additionally, the § 3553(a) factors weigh against an early release.

**1.  The § 3553(a) Factors Weigh Against an Early Release**

Beginning with the § 3553(a) factors, the nature and circumstances of Mr. Loneman's offense are particularly brutal, as described above. He also has a long history of violent offenses, including two prior convictions for aggravated assault. And while the Court commends Loneman for the programming he has completed in prison, the Court remains convinced that, if released early, Mr. Loneman will present a danger to society.

**2.  Loneman Has Not Shown an Extraordinary and Compelling Reason for an Early Release**

Loneman has also failed to present an extraordinary and compelling reason warranting an early release. He contracted COVID-19 over three years ago, around June or July 2020. He has since recovered from the illness and has been vaccinated. Loneman reports suffering from numerous complications of the disease, though. As he puts it: "I still have issues w/shortness of breath & fatigue, smelling & tasting food, nerves, and stress." *Mtn.*, Dkt. 48, at 5. He also complains

that he continues to suffer from severe headaches. *See* Dkt. 48-1, at 3, 5. The government points out that Defendant's medical records do not bear out the existence of these complications. But even taking Loneman at his word, the Court is not persuaded that these complications present an extraordinary and compelling reason for an early release. Unfortunately, there are some individuals who will continue to suffer from after-effects of COVID-19. But the Court has no reason to believe these complications cannot be attended to in prison.

Finally, the Court will note that to the extent Loneman complains about the conditions of confinement, these concerns are not cognizable within a compassionate-release motion under 18 U.S.C. § 3582(c)(1)(A).

## ORDER

**IT IS ORDERED that** Defendant's Motion for Compassionate Release (Dkt. 48) is **DENIED.**

DATED: January 10, 2024

B. Lynn Winmill
U.S. District Court Judge